FILED

JUN 18 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

District of Columbia

Robert E. Lee,
729 NAMSAN DAELIM
APT. 101-501
            Plaintiff,
ITAEWON 2 DONG YONGSAN GU
SEOUL 140-202
       vs.   REPUBLIC OF KOREA

Robert M. Gates,

Secretary,

Department of Defense,

(Defense Information Systems Agency),

Agency.

        Defendant

COMPLAINT IN A CIVIL ACTION

Case Number:

Case: 1:07-cv-01088
Assigned To : Kennedy, Henry H.
Assign. Date : 6/18/2007
Description: Admn. Agency Review

**ALLEGATION**

Members of the Agency's Personnel Security Division violated mandatory provisions of the Department of Defense (DoD) Regulation on the Personnel Security Program, DOD 5200.2-R contained in the Code of Federal Regulations (CFR), Title 32, Subtitle A, Chapter I, Sub Chapter F, Part 154.

Members of the Agency's Personnel Security Division also made false and misleading interpretations of my Person Summary extracts from the authoritative DoD database called the Defense Clearance and Investigations Index or DCII concerning my security clearance.

Members of the Agency's Personnel Security Division then used these violations of DOD 5200.2-R and false and misleading interpretations from the DCII to induce Agency Selecting Officials to withdraw two tentative GS-0855-13 federal civilian employment offers to and accepted by me in July 2003 and October 2003.

1

1    The Agency Selecting Officials withdrew the two employment offers based upon
2    Personnel Security Division recommendations, not based upon their own
3    determinations of security clearance concerns.
4    The Personnel Security Division recommendations in both instances disregarded
5    facts countering the basis for the Personnel Security Division recommendations.
6    The facts were available at the time to the members of the Personnel Security
7    Division in the form of authoritative documentation and authoritative information.
8    Additionally members of the Personnel Security Division withheld from
9    appropriate adjudicative authorities in a mandatory DoD security clearance
10   adjudication process the matter of their concerns regarding my security clearance.
11   This mandatory DoD process requires appropriate adjudicative authority, as
12   specified in DOD 5200.2-R, to complete the security clearance adjudication process
13   regardless of the Agency violating the adjudicative process by taking prior
14   derogatory administrative action.
15   The Agency was required to furnish me the result of the DoD adjudicative
16   process if the adjudication was unfavorable to me to permit me to appeal if I so
17   determine.  Instead the Agency implemented derogatory administrative actions,
18   namely; withdraw tentative employment offers accepted by me in July and October
19   2003.  These withdrawals were based upon non-adjudicated Agency assertions about my
20   security clearance, without subjecting the assertions to the mandatory DoD security
21   clearance adjudication process.

22                          **SUBSTANTIATION OF ALLEGATION**

23   In 2004 the DoD Civilian Personnel Management Service, Office of Complaint
24   Investigations (OCI) conducted an investigation into my Equal Employment
25

1  Opportunity (EEO) complaint about the Agency's two tentative employment offer
2  withdrawals.  The Agency claimed security concerns about my South Korean wife as a
3  "foreign influence" supporting the Agency's two actions.  I used the Agency claims
4  as the national origin basis for an EEO discrimination allegation vice the obvious
5  Title 32 violation.
6      The assigned OCI Investigator, Mr. Coy L. Murphy, produced two Volumes as a
7  Report of Investigation, or ROI, used in Agency Docket No.DOD-DISA-HQ-04-004 in an
8  action I subsequently filed with the U.S. Equal Employment Opportunity Commission
9  (EEOC).
10     Within the ROI at page 236 of Volume I Maria V. Dunn, Chief of the Agency's
11 Security Division stated Quote If we deem a person to be ineligible for an interim
12 security clearance, we wait until there is a final adjudication by the Central
13 Adjudication Authority Unquote.  Her statement is in accordance with DOD 5200.2-R
14 since the members of the Agency Personnel Security Division and not the Selecting
15 Official raised a security clearance concern.
16     However the Agency never produced for inclusion within the ROI and the EEOC
17 Administrative Judge (AJ) never required the Agency produce the Washington
18 Headquarters Service (WHS) Central Adjudication Facility (CAF) responses to the
19 Agency's security concern about my wife in the July and October 2003 instances.
20 DOD 5200.2-R indicates the CAF responds within 30 calendar days of receipt of an
21 action requiring adjudication.  These CAF responses should have been available well
22 prior to commencement of the OCI investigation and certainly prior to the
23 completion of the ROI and subsequent EEOC proceedings.
24     In a May 18, 2007 three party telephone conference among Ms. Ann M. Otis of
25

1  the Agency Personnel Security Division, Ms. Allison P. Stafford an Agency EEO

2  Counselor, and me, Ms. Otis effectively stated the Agency does not comply with the

3  mandatory DOD 5200.2-R adjudicative process.  The telephone conference concerned my

4  current complaint of retaliation by the Agency for the two 2003 incidents as reason

5  for recent Agency March 2007 action withdrawing another GS-0855-13 tentative

6  employment offer I also accepted.

7       Ms. Otis asserted that once Personnel Security Division members induce Agency

8  Selecting Officials to withdraw an employment offer the Agency knowingly deprives

9  the WHS CAF of fulfilling the mandatory adjudication responsibilities required by

10 DOD 5200.2-R.  She stated this in saying Quote He doesn't want to wait we stop

11 processing a person's security package.  Why make the effort Unquote.

12      Ms. Otis' assertion completely contradicts what Ms. Dunn told the OCI

13 Investigator in 2004 is Agency compliance with DOD 5200.2-R.  Ms. Otis' assertion

14 also indicates why the Agency never produced WHS CAF adjudication responses of the

15 Agency's 2003 security concerns in matters pertaining to my wife's so called

16 foreign influences upon me for ROI inclusion.

17      The DCII is the DoD authoritative database containing security clearance

18 history and all security clearance adjudication matters on individuals.  Entries to

19 the DCII are made by DoD adjudication authorities and are readable by others

20 involved in the security clearance process such as members of the Agency Personnel

21 Security Division.

22      Examination of the DoD authoritative record of my security clearance in the

23 form of Person Summary extracts from the DCII reveals the Agency Personnel Security

24 Division members made false and misleading interpretations of those extracts.  The

25

ROI contains 2003 DCII extracts of my security clearance information. The Agency's Personnel Security Division provided these extracts to the OCI Investigator.

In a November 17, 2004 letter to the Agency I attached a September 13, 2004 DCII extract from my Department of the Navy employer for inclusion by the Agency in the ROI to eliminate a deficiency in the ROI. The Agency did not include the DCII extract. As of March 2007 current DCII extract continues to show what all the previous DCII extracts show.

In all DCII extracts the adjudication authority's determination remains unchanged. It states, Quote Foreign Relation: N/A, Spouse, South Korea Unquote. Namely, DoD adjudication authority has and continues to determine there are no foreign influence security clearance concerns related to my marriage to a citizen of an U.S. allied nation. The U.S. and the Republic of Korea (ROK or South Korea) have a bilateral security treaty.

Additionally the post-2003 DCII extracts of 2004 and recently of March 2007 do not include any entries indicating the Agency's 2003 security clearance concerns were ever submitted to proper DoD adjudication authorities for the adjudication process in compliance with DoD 5200.2-R.

The 2003 DCII extracts do show that my Top Secret SCI security clearance was current and valid from its issuance January 18, 2000 by the Air Force CAF (AFCAF). Such security clearances are valid for five years and covered the period the Agency acted in withdrawing its 2003 job offers based upon their security clearance concerns.

The 2003 DCII extracts and the 2004 and 2007 DCII extracts all also continue to show that AFCAF determined me "eligible for Top Secret" in 2002 adjudication

1  action.  This contradicts Agency Personnel Security Division misrepresentations

2  that it can not make security clearance eligibility determinations in my cases.

3      All these authoritative information entries, as well as an entry of "OTHER"

4  reflecting my reporting my marriage to appropriate adjudication authority in

5  January 1998, were placed into the DCII by appropriate DoD adjudication

6  authorities.  All were disregarded by the Agency's Personnel Security Division

7  members in their recommendations in July and October 2003 to Agency Selecting

8  Officials.

9      Further the Agency Personnel Security Division misrepresented to Agency

10 Selecting Officials that I would require security clearance reinvestigation.  In

11 accordance with DOD 5200.2-R DoD adjudication authorities, not the Agency, have the

12 authority to determine whether and to order personnel security reinvestigations if

13 they are necessary.  Chapter 7 on issuing clearances and granting access indicates

14 appropriate DoD adjudication authority would have determined security clearance

15 investigation to be unnecessary in my case if the Agency had submitted their

16 concerns to the mandatory DoD adjudication process.

17     Paragraph C7.1.2.2 specifically states, Quote If an individual resumes the

18 original status of (1), (2), (3), or (5) above, no single break in the individual's

19 relationship with the Department of Defense exists greater than 24 months, and/or

20 the need for regular access to classified information at or below the previous

21 level recurs, the appropriate clearance shall be reissued **without further**

22 **investigation or adjudication** provided there has been no additional investigation

23 or development of derogatory information Unquote. The bold within the quote is my

24 highlight for emphasis.

25

1    The Agency Personnel Security Division members not only usurped from proper
2    adjudication authority their DOD 5200.2-R mandated responsibility to make a
3    specific security clearance determination in my case they also violated the
4    specific wording of authoritative paragraph C7.1.2.2 quoted in part above on the
5    matters of adjudication and investigation.
6    The Agency Personnel Security Division members are not strangers to
7    disregarding mandatory provisions of the authoritative DOD 5200.2-R.  As Ms. Dunn
8    stated at page 236 of the ROI Volume I, Quote I do know that Mr. Addis prepared the
9    memo.  As I said, I do not recall reviewing the memo; however, I recently checked
10   if the references cited were correct.  I found that they were not.  As I understand
11   it, Mr. Addis used DOD 5200.2R draft guidance to prepare the memo Unquote.  This
12   despite the appropriate authoritative reference DOD 5200.2-R was and remains valid
13   and mandatory for use throughout DoD.
14   One of the supposed authoritative paragraph references by the Agency
15   Personnel Security Division's Mr. Addis used as a basis for false and misleading
16   interpretations in the September 24, 2003 memo mentioned above did not exist in the
17   authoritative version of DOD 5200.2-R.  It was in a June 2002 unapproved draft not
18   enforced nor adopted by DoD.  The actual and draft DOD 5200.2-R and the memo are
19   exhibits in the ROI.
20   Mr. Scott R. Addis the Chief of the Agency Personnel Security Team and Ms.
21   Jeffrie Moment a Team Member were directly responsible for the matters I
22   allege.  Ms. Dunn reassigned Mr. Addis within the Agency by the time the OCI
23   investigation began.  Mr. Addis admitted his preference for the draft DOD 5200.2-R
24   compared to the authoritative document.
25

1    At page 320, ROI Volume I Mr. Addis states, Quote In that memo, there are
2    references made to specific paragraphs in DOD 5200.2R.  The references are not
3    consistent with the regulation dated January 1987, with changes through Change 3
4    (February 23, 1996).  When I wrote the letter, I was using a draft of the DOD
5    Personnel Security Program Regulation, dated in June of 2002.  I thought the draft
6    was worded more clearly than the regulation Unquote.
7    Regardless of Mr. Addis' belief the fact is the draft was used and the
8    authoritative DOD 5200.2-R knowingly ignored in both 2003 instances.  Further
9    Agency Personnel Security Division members did not correctly apply the draft.  The
10   draft equivalent of the authoritative Chapter 7 is Chapter 8.  C8.2.2 (draft) is
11   equivalent to authoritative C7.1.2.2.  The Agency Personnel Security Division
12   neither complied with authoritative guidance nor draft guidance.
13                          **JURISDICTION JUSTIFICATION**
14   I exercise my stated right to file a civil action in an appropriate United
15   States District Court within ninety (90) calendar days of the U.S. Equal Employment
16   Opportunity Commission Denial of Reconsideration (March 27, 2007) of the decision
17   in Robert E. Lee v. Department of Defense EEOC Appeal No, 0120063767.
18   The EEOC Denial states, QUOTE We note that at no time does he attempt to show
19   that the agency's decision was discriminatory under the laws and regulations over
20   which the Commission has jurisdiction.  We note that any violations of the
21   Department of Defense regulations on security clearances should be addressed
22   through the DOD security clearance process, which is, of course, separate from the
23   federal sector EEO system UNQUOTE.
24   The Agency violated the governing DOD Regulation, DOD 5200.2-R, in USC
25

1  Title 32 by removing the matters pertaining to my security clearance from the

2  mandatory adjudicative process.  This prevented me from exercising my appeal rights

3  to contest the matters before appropriate adjudicative authority.  Thus the Agency

4  eliminated my DOD 5200.2-R right to demonstrate security clearance concerns raised

5  by the Agency were invalid and unsubstantiated by available authoritative documents

6  and authoritative information.

7      The Agency also prevented me from demonstrating the Agency violated DOD

8  5200.2-R by taking derogatory administrative actions based upon the Agency's

9  determination of my security clearance status in two incidents, July and October

10 2003.  My only remaining recourse following the EEOC action is civil action in an

11 appropriate United States District Court.

12     The United States District Court of the District of Columbia is selected

13 because the national organization the Department of Defense, or DoD, identifies its

14 headquarters as Pentagon, Washington DC for location.

15                         **COMPENSATION SOUGHT**

16     Lost earnings of $2,438,716.00 plus compensation for direct losses.

17

18

19                              Dated this 14th day of June, 2007

20                              *[signature]*

21                              Robert Edward Lee

22                              729 Namsan Daelim Apt 101-501
                                Itaewon 2 Dong, Yongsan Gu
23                              Seoul 140-202
                                Republic of Korea
                                Telephone: 011-82-2-792-1954
24                              Email: leeroberte@yahoo.com

25
                                          9

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Robert E. Lee

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **99999**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Robert M. Gates, Secretary, Department of Defense, (Defense Information Systems Agency), Agency

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **11001**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**99999**

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se Robert E. Lee
729 Namsan Daelim Apt. 101-501
Itaewon 2 Dong, Yongsan Gu, Seoul 140-202
Republic of Korea   011-82-2-792-1954

Case: 1:07-cv-01088
Assigned To : Kennedy, Henry H.
Assign. Date : 6/18/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☒ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Defendant violated CFR USC Title 32, Subtitle A, Chapter I, Subchapter F, Part 154 resulting in Employment Discrimination in July and October 2003. 5 USC. 701

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2,438,716.00   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 14 June 2007   SIGNATURE OF ATTORNEY OF RECORD [signature] Pro Se

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.