UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE, )<br>　　　Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT GATES, SECRETARY, )<br>DEPARTMENT OF DEFENSE, )<br>DEFENSE INFORMATION )<br>　SYSTEMS AGENCY, )<br>　　　Defendant. )<br>)<br>_____ ) | Civil No. 07-cv-01088 (HHK)<br><br>Next Court Date: N/A |

## DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a), Defendant Robert Gates, Secretary, United States Department of Defense, hereby moves the Court to dismiss the Plaintiff's Complaint for improper venue because venue does not lie in the District of Columbia or, alternatively, for an order transferring the case to the United States District Court for the Eastern District of Virginia.

In support of this Motion, Defendant refers the Court to the accompanying Memorandum of Law and the Declaration of John J. Penkoske.

Dated: August 31, 2007.                Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　 /s/  Jeffrey A. Taylor
　　　　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　　　　United States Attorney

1

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ROBERT GATES, SECRETARY, )<br>DEPARTMENT OF DEFENSE, )<br>DEFENSE INFORMATION )<br>  SYSTEMS AGENCY, )<br>    Defendant. )<br> )<br>_____ ) | Civil No. 07-cv-01088 (HHK)<br><br>Next Court Date: N/A |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION FOR TRANSFER**

I.  **INTRODUCTION**

In this action, *pro se* Plaintiff sued Defendant alleging that the agency discriminated against him when Defendant withdrew two job offers due to the length of time it would take for Plaintiff to obtain the necessary Top Secret clearance for the positions.

Although not specifically designated as an employment discrimination case, the matter was initially brought through the agency's EEO process. It proceeded to an EEOC administrative judge, who issued a decision in the agency's favor. On appeal, the EEOC's Office of Federal Operations affirmed the administrative judge's decision. In the EEO process, Plaintiff alleged that Defendant discriminated against him because of his spouse's national origin (South Korean), when the agency withdrew two job offers after it determined that the security clearance process would take too long.

1

As shown below, venue is not proper in the District of Columbia because all of the significant events surrounding Plaintiff's Complaint took place in the Eastern District of Virginia and the records pertinent to Plaintiff's allegation are similarly located in that same district. For these reasons and those elaborated below, the Court should dismiss this case for improper venue. Alternatively, in the interest of justice, the Court could transfer the matter to the Eastern District of Virginia.

**II.   Argument**

   **A.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(3).**

"In considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F.Supp.2d 274, 276 (D.D.C. 2002) (citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F.Supp.2d 50, 54 (D.D.C. 2001)). However, the court need not accept as true plaintiff's legal conclusions. U-Haul, 148 F.Supp.2d at 54. In order to prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

### B. Venue Under Title VII

Plaintiff filed this action under Title VII of the Civil Rights Act. Venue for Title VII actions is governed by 42 U.S.C. § 2000e-5(f)(3), which provides that Title VII claims may be brought only in the following four places: (1) where the unlawful act is alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; (3) where employment records related to the proscribed conduct are maintained; and (4) where the employer has its principal office (but only if the defendant cannot be brought before the court in any of the three preceding districts). Under any of these four venue options, the District of Columbia is not the proper venue. Therefore, the Court should dismiss this case for improper venue.

#### 1. All Alleged Discriminatory Acts Occurred in Arlington, Virginia.

The first venue option under Title VII is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e5(f)(3). "Courts can determine venue by applying a 'common sense appraisal' of events having operative significance." James v. Booz-Allen & Hamilton, Inc., 227 F. Supp.2d 16, 21 (D.D.C. 2002). "Specifically, venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'" Robinson v. Potter, 2005 WL 1151429, at *3 (May 16, 2005 D.D.C).

Here, a substantial part of the conduct that formed the basis of Plaintiff's lawsuit took place in Arlington, Virginia. On April 25, 2003, the Defense Information Systems Agency ("DISA") – a division within the Department of Defense -- posted a Vacancy

3

Announcement for an Electronics Engineer, GS-885-13, Announcement No. 03-119KP. See Affidavit of John J. Penkoske ("Penkoske Aff.") at ¶ 4 (Gov. Exh. A). The position requires a Top Secret clearance and is located in Annapolis, Maryland. Penkoske Aff. at ¶ 4. The DISA is located within the Pentagon, Arlington, Virginia. Id. at 2.

At the time of his application, Plaintiff was unemployed and living in the Republic of Korea. Penkoske Aff. at ¶ 5. In June 2003, the DISA's Human Resources Office – located in Arlington, Virginia -- tentatively offered the job to Plaintiff, on the condition that he obtain Top Secret security clearance. Penkoske Aff. at ¶ 6.

In July 2003, the DISA's Human Resources Office determined that it would take eight to twelve months to process Plaintiff's clearance. Penkoske Aff. at ¶ 7. Due to the length of time for security clearance, the selecting official instructed the Human Resources Office to rescind Plaintiff's job offer. Id.

In late July 2003, DISA posted another job vacancy for an Electronics Engineer, GS-885-12/13, Job Opportunity Announcement 03-224DC. Penkoske Aff. at ¶ 8. The position also required Top Secret security clearance and was located in Indianhead, Maryland. Id. The DISA's Human Resources Office tentatively offered Plaintiff the job, contingent on his obtaining Top Secret clearance. Id. In September 2003, the Director of Manpower, Personnel and Security (located in Arlington, Virginia) determined that it would take between 8 to 12 months to complete the necessary investigation for Top Secret clearance. Penkoske Aff. at ¶ 9. As a consequence, similar to the previous situation, in October 2003, DISA withdrew the job offer. Penkoske Aff. at ¶ 8.

In 2004, Plaintiff filed a formal complaint of discrimination with the agency, alleging that he had been discriminated against because of his wife's national origin

(Republic of Korea).[1] Plaintiff then filed his Complaint in this Court. See Complaint (Dkt. No. 1).

These facts show that a substantial part of the acts giving rise to Plaintiff's allegations occurred in Virginia. There is no discernible connection between Plaintiff's allegations and the District of Columbia. Accordingly, the Court should dismiss this action for improper venue.

### 2.  Employment Records Relevant to this Matter are Located in Arlington, Virginia.

A second venue option offered by Title VII is the judicial district in which the relevant employment records are maintained and administered. 42 U.S.C. § 2000e-5(f)(3).

Here Plaintiff, a veteran of the United States Army, may have an official personnel folder at the National Records Center in St. Louis, Missouri. However, as discussed above, all pertinent employment records concerning Plaintiff's applications for the two positions in question and the decisions leading up to the rescission of the tentative job offers due to security clearance delays are maintained in the DISA's personnel and legal offices in Arlington, Virginia. Penkoske Aff. at ¶ 10. Accordingly, venue is proper in the Eastern District of Virginia, not the District of Columbia.

### 3.  "But for" the Alleged Discrimination, Complainant would have worked in Maryland, Not the District of Columbia.

A third venue option offered by Title VII is the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3).

---

[1] Defendant reserves all defenses, including but not limited to the defense that Plaintiff failed to timely exhaust administrative remedies.

The DISA's principal offices – which covers the two positions at issue – are located in Arlington, Virginia. Penkoske Aff. at ¶ 10. The two positions for which Plaintiff applied, however, were located in Annapolis and Indianhead, Maryland. Therefore, it is clear that the District of Columbia is an impermissible venue because Plaintiff would not have worked in the District of Columbia. Plaintiff could have filed this case in Maryland, where he would have worked. In any event, the District of Columbia is not the proper venue.

**4.    DISA's Principal Office is Located in Arlington, Virginia.**

Lastly, 42 U.S.C. § 2000e-5(f)(3) provides that "an action may be brought within the judicial district in which the respondent has his principal office," but only "where the respondent is not found within any" of the other districts. Even assuming that the Court reaches this venue option, proper venue for this case is the Eastern District of Virginia, not the District of Columbia.

It is not disputed that the DISA's principal place of business is in Arlington, Virginia. Penkoske Aff. at ¶ 10. Therefore, even if this fourth option applies, proper venue lies with the Eastern District of Virginia, not in Washington, D.C.[2]

**C.    Improper Venue compels dismissal or transfer.**

When an action is filed in an improper venue, the procedural remedy is found in the provisions of 28 U.S.C. § 1406(a), which permits this Court to dismiss or transfer the case. The decision whether to transfer or dismiss is entrusted to the Court's discretion. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235 (1981); Davis v. American Society of Civil Engineers, 290

---

[2] The Pentagon is also located in Virginia.

6

F.Supp.2d 116 (D.D.C. 2003). This Court has the same discretion to dismiss, rather than transfer, Title VII cases. Novack-Canzeri v. Saud, 864 F.Supp. 203, 207 (D.D.C. 1994).

As demonstrated above, venue is improper in this District because: (1) the alleged unlawful employment practices occurred in Arlington, Virginia; (2) the relevant employment records are maintained in Arlington, Virginia; (3) Plaintiff would not have worked in Washington, D.C, but instead would have worked in either Annapolis, Maryland, or Indianhead, Maryland; and (4) assuming that the previous three venue options do not apply, venue is proper in the Eastern District of Virginia, where the Agency has its headquarters.

Under these circumstances, the Court should dismiss the Complaint, which should never have been brought in this District. However, under 28 U.S.C. § 1406(a), in the interest of justice, the Court may transfer this case to any judicial district where Plaintiff could have originally brought his claims.

If the Court chooses to transfer the case, then the Court should transfer the case to the Eastern District of Virginia, where Plaintiff should have filed this case originally. As explained above, all of the events of operative significance, namely the tentative job offers and the decisions to rescind the two job offers took place in the Eastern District of Virginia; the relevant records concerning the application and the security clearance determination are located in the Eastern District of Virginia; and the Agency's headquarters are in the Eastern District of Virginia. The Eastern District of Virginia has the greatest nexus to this case. Accordingly, if the Court does choose to transfer the case, it should be transferred to the Eastern District of Virginia.

### III. Conclusion

For the foregoing reasons, this Court should dismiss the Complaint for improper venue. Should the Court decide to transfer the case to a different venue, the case should be transferred to the United States District Court for the Eastern District of Virginia.[3]

Dated: August 31, 2007.                    Respectfully Submitted,

    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

---

[3] For the Court's convenience, Defendant is submitting two alternative proposed Orders.

8

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendant's Motion to Dismiss for Improper Venue or, Alternatively, To Transfer by first-class mail, postage prepaid, on August 31, 2007, to:

>Robert E. Lee
>729 Namsan Daelim Apt. 101-501
>Itaewon 2 Dong, Yongsan Gu
>Seoul 140-202
>Republic of Korea


>__/s/__John C. Truong_____
>John C. Truong

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE,<br>　　　　Plaintiff,<br><br>v.<br><br>ROBERT GATES, SECRETARY,<br>DEPARTMENT OF DEFENSE,<br>DEFENSE INFORMATION<br>　SYSTEMS AGENCY,<br>　　　　Defendant. | Civil No. 07-cv-01088 (HHK) |

　　　　Upon consideration of Defendant's Motion to Dismiss or Transfer for Improper Venue and the entire record herein, it is this ____ day of _____ 2007,

　　　　ORDERED that Defendant's Motion to Dismiss for Improper Venue be and is hereby GRANTED; and it is

　　　　FURTHER ORDERED that the above-captioned action be and hereby is DISMISSED for improper venue.

Dated:_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE,            ) | |
|     Plaintiff,            ) | Civil No. 07-cv-01088 (HHK) |
|                            ) | |
| v.                        ) | |
| ROBERT GATES, SECRETARY,  ) | |
| DEPARTMENT OF DEFENSE,    ) | |
| DEFENSE INFORMATION       ) | |
|  SYSTEMS AGENCY,        ) | |
|     Defendant.            ) | |

      Upon consideration of Defendant's Motion to Dismiss or Transfer for Improper Venue, Plaintiff's Opposition thereto, and the entire record herein, it is this _____ day of ____, 2007

      ORDERED that the above-captioned action be and hereby is TRANSFERRED to the Eastern District of Virginia.

Dated:_____

                                                                        _____
                                                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-CV-01088 |
| | ) |
| ROBERT GATES, SECRETARY, | ) |
| DEPARTMENT OF DEFENSE, | ) |
| DEFENSE INFORMATION SYSTEMS | ) |
| AGENCY, | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT IN SUPPORT OF MOTION TO TRANSFER

I, John J. (Jack) Penkoske, Jr., pursuant to 28 U.S.C. Section 1746, make this declaration based on my own knowledge and information contained in the Agency investigative file in the above matter.

1. I am employed by the Department of Defense, Defense Information Systems Agency (DISA or Agency), as Director of Manpower, Personnel and Security (MPS), and have served in this position at all time relevant to this matter. DISA's Human Resources and Security functions are located in Arlington, Virginia, as are the records associated with this matter.

2. DISA, headquartered in Arlington, Virginia, operates the Joint Spectrum Center in Annapolis, Maryland. The Joint Spectrum Center provides operational spectrum management to the Joint Staff and combatant commanders for contingency operations, exercises, and otherwise as requested.

3. DISA also operates the Joint Interoperability Test Command (JITC) in Indianhead, Maryland. Among other things, JITC is an independent operational tester and assessor for DISA and other Command, Control, Communications, Computers, and Intelligence (C4I) acquisitions.

4. On or about April 25, 2003, DISA posted a Vacancy Announcement for an Electronics Engineer, GS-885-13, Announcement No. 03-119KP. The position was located with the Joint Spectrum Center (JSC), Acquisition Support Division in Annapolis, Maryland. The

1


GOVERNMENT EXHIBIT A

announcement closed on May 16, 2003. The vacancy announcement stated that the position required a TOP SECRET clearance. It stated that the individual selected would be subject to an investigation in conjunction with granting of a security clearance prior to appointment. The selectee would be required to obtain and maintain a TOP SECRET clearance. Plaintiff applied for this position.

5. According to the investigative file, Plaintiff was living in the Republic of Korea (ROK or South Korea). He was unemployed. Previously, he had served in the United States Army (for a little more than 20 years), with his last duty assignment with the Joint Staff at the Pentagon. He married a citizen of South Korea on January 5, 1998. After leaving the Pentagon in July of 1998, he spent about a year in South Korea. He began work for Science Applications International Corporation (SAIC) and resided in Germany from August of 1999 until November of 2000. He then returned to South Korea (still an employee of SAIC). He left SAIC in June of 2001.

6. Plaintiff was tentatively selected for the JSC Electronics Engineer position on or about June 18, 2003. Shortly thereafter, Kimberly Pare, a DISA Human Resources specialist located in Arlington, Virginia informed plaintiff that he had been tentatively selected for the position. She advised plaintiff that (1) the position required a Top Secret security clearance for access to classified national security information, (2) his employment at DISA was contingent upon a favorable security eligibility determination, (3) he may be eligible for an interim security clearance by the DISA Security Division's Personnel Security team, and (4) if he was hired based upon being granted an interim security clearance, he must obtain and retain a final security clearance.

7. On or about July 17, 2003, Ms. Pare, by email, was told that plaintiff would not be granted an interim security clearance pending completion of the required single scope background investigation (SSBI). Ms. Pare was asked to inform the selecting official of the decision. Ms. Pare was told that the selecting official could consider (1) selecting the plaintiff (but he could not be brought on board until the investigation was completed and a final security clearance had been granted, which took 8-12 months processing time, or (2) selecting another candidate. On or about July 23, 2003, Ms. Pare was informed that the selecting official and the approving official did not want to wait for the investigation and she was to rescind the job offer. On or about July 29, 2003, Ms. Pare informed plaintiff that the tentative job offer was

2

withdrawn.

8.   On or about July 29, 2003, DISA posted a vacancy announcement for an Electronics Engineer, GS-855-12/13, Job Opportunity Announcement 03-224DC. This was a position with the Joint Interoperability Test Command in Indianhead, Maryland. The announcement closed on August 11, 2003. Plaintiff applied for the position and was tentatively selected. Human Resources Specialist Dawn Barnes (located in Arlington, Virginia) notified plaintiff on or about October 9, 2003 that although he had been tentatively selected for the position, he could not be hired until an investigation was completed and a final security clearance had been granted. After Ms. Barnes learned that the security investigation would take an extended period of time, the selecting official indicated that he could not wait an extended period of time to fill the position and that she should offer the position to an alternate candidate. On or about October 15, 2003, Ms. Barnes withdrew the tentative job offer.

9.   On September 25, 2003, I signed a memorandum that was sent to plaintiff. The memorandum stated that (1) his 25-month break in federal service invalidated his prior investigations and security clearance access, (2) a new investigation and clearance determination was required, (3) an interim security clearance could not be granted to him, and (4) the managers who were interested in hiring him decided to withdraw the job offers because it normally took between 8 and 12 months to complete the investigation. Mr. Scott Addis, Chief of the Personnel Security Team (located in Arlington, Virginia) developed the memorandum for my signature. Mr. Addis also concurred with the recommendation that plaintiff was ineligible for an interim security clearance.

10.   Specifically addressing the criteria for a motion for change of venue from the District of Columbia to the Eastern District of Virginia, I state that

   a.   The Agency's principal offices were and are located in Arlington Virginia, including the human resources and security offices.

   b.   The human resources office from which Plaintiff received the tentative offers of employment was located in Virginia.

   c.   The withdrawal of the tentative job offers occurred in Virginia.

   d.   Employment records relevant to this matter are located in Arlington, Virginia.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on 30 August 2007
In the County of Arlington, Virginia

John J. (Jack) Penkoske, Jr.
Director, Manpower, Personnel
 and Security Directorate
Defense Information Systems Agency

4