UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE,            ) | |
|     Plaintiff,      ) | Civil No. 07-cv-01088 (HHK) |
| ) | |
| v.                        ) | Next Court Date: N/A |
| ) | |
| ROBERT GATES, SECRETARY,  ) | |
| DEPARTMENT OF DEFENSE,    ) | |
| DEFENSE INFORMATION       ) | |
|  SYSTEMS AGENCY,        ) | |
|     Defendant.     ) | |
| ) | |
| _____     ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, TO TRANSFER TO
EASTERN DISTRICT OF VIRGINIA**

**I.     Introduction.**

*Pro se* Plaintiff's rambling 16-page Opposition has not shown that the District of Columbia is the proper venue for this employment discrimination case. Indeed, Plaintiff has not set forth any evidence showing that the material operative facts surrounding his allegations have any nexus with the District of Columbia. To the contrary, Defendant's Motion[1] and the Penkoske Affidavit clearly demonstrate that a substantial part of the challenged conduct (*i.e.*, the decision to withdraw two job offers) took place in the Eastern District of Virginia.

For these reasons and those elaborated below, pursuant to Fed. R. Civ. 12(b)(3), the Court should dismiss this case for improper venue. Alternatively, pursuant to 28 U.S.C. §1406(s) and in the interest of justice, the Court can transfer this case to the Eastern District of Virginia – the

---

[1] "Defendant's Motion to Dismiss for Improper Venue Or, in the alternative, to Transfer" (Dkt. No. 4) is hereafter referred to as "Defendant's Motion" or "Def. Mot."

proper venue for this litigation.

**II.     Argument.**

Under 42 U.S.C. § 2000e-5(f)(3), the District of Columbia is not the proper venue for this case because a substantial part of the challenged actions took place in Virginia.  First, the challenged actions that formed the basis for Plaintiff's allegations were Defendant's two decisions to withdraw two tentative job offers because it would take too long for Plaintiff to obtain the necessary security clearance.  Def. Mot. at 5-6; see also Robinson v. Potter, 2005 WL 1151429 , at *3 (May 16, 2005 D.D.C).  Plaintiff, however, has not shown any evidence to contradict this fact.

Second, the relevant employment records relating to this action are maintained in the personnel and legal offices of the Defense Information Systems Agency ("DISA"), which is located in Arlington, Virginia.  Def. Mot. at 7; 42 U.S.C. § 2000e-5(f)(3).  Third, "but for" the alleged illegal conduct, Plaintiff would have worked in Annapolis or Indianhead, Maryland – the locations of the two jobs.  Def. Mot. at 8.  This fact coupled with the fact that DISA's principal offices are located in Arlington, Virginia, show that the District of Columbia is not the proper venue.  Id. at 8.  Finally, the principal offices of the DISA, Plaintiff's potential employer, are located in Arlington, Virginia.  Def. Mot. at 8; Penkoske Aff. at ¶ 10 (attached to Defendant's Motion).

Under these facts, it is clear that the District of Columbia is not the proper venue for Plaintiff to bring this lawsuit.  Therefore, the Court should dismiss the above-captioned case for improper venue.  Alternatively, in the interest of justice, the Court can transfer this case to its proper venue – the Eastern of District of Virginia.

To be sure, under 28 U.S.C. §1406(a), the Court has the discretion to dismiss this case for improper venue or transfer it to the Eastern District of Virginia. Def. Mot. at 8-9; see also Davis v. American Society of Civil Engineers, 290 F. Supp.2d 116 (D.D.C. 2003). Therefore, if the Court chooses to transfer the case – rather than dismiss it – the Court should transfer it to the Eastern District of Virginia.

**III. Conclusion.**

For the foregoing reasons and those set forth in Defendant's Motion, the Court should dismiss the Complaint for improper venue. Should the Court decide to transfer the case to a different venue, the case should be transferred to the United States District Court for the Eastern District of Virginia.

Dated: September 24, 2007                        Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Reply in Support of Defendant's Motion to Dismiss for Improper Venue or, Alternatively, To Transfer by first-class mail, postage prepaid, on September 24, 2007, to:

Robert E. Lee
729 Namsan Daelim Apt. 101-501
Itaewon 2 Dong, Yongsan Gu
Seoul 140-202
Republic of Korea

_____
Timothy Rice