UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT E. LEE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT GATES, SECRETARY, )<br>DEPARTMENT OF DEFENSE, )<br>DEFENSE INFORMATION )<br> SYSTEMS AGENCY, )<br>      Defendant. )<br>)<br>_____) | Civil No. 07-cv-01088 (HHK)<br><br>Next Court Date: N/A |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.    Introduction.**

After Defendant timely filed its motion to dismiss for improper venue or to transfer, concurrent with his Opposition to Defendant's Motion, *pro se* Plaintiff moved for default judgment arguing that Defendant failed to "plead or otherwise defend the allegations in Complaint served upon the Defendant." See Dkt. No. 7. Beyond this conclusory statement, Plaintiff's one-paragraph motion has neither provided the legal nor the factual basis for the Court to enter default judgment against Defendant under Fed. R. Civ. P. 55. Contrary to Plaintiff's allegation of untimeliness, Defendant timely responded to Plaintiff's Complaint by moving to dismiss for improper venue or to transfer the case to the Eastern District of Virginia. See Dkt. No. 4. Accordingly, the Court should deny Plaintiff's Motion for Judgment by Default.

**II.    Argument.**

Pursuant to Fed. R. Civ. P. 55, Plaintiff moved for judgment by default claiming that Defendant failed to plead or otherwise defend the Complaint "60 calendar days after delivery plus 10 to 14 calendar days for international mailing transit time." Dkt. No. 7. Plaintiff's Motion lacks merit for two reasons.

First, Defendant timely defended the Complaint by filing a motion to dismiss. Specifically, Plaintiff did not properly effectuate service on the government until July 2, 2007. See Dkt. No. 3 (setting the return of service documents). Under Fed. R. Civ. P. 12(a)(1)(B), a federal government defendant has 60 days to answer or otherwise respond to a complaint. Therefore, as the Court correctly noted in the July 19, 2007 docket entry, the deadline for Defendant to answer the complaint was on August 31, 2007. See Dkt. No. 3.

On August 31, 2007, rather than filing an answer, Defendant moved to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). See Dkt. No. 4. Under Fed. R. Civ. P. 12, where a motion to dismiss pursuant to Fed. R. Civ. P. 12 has been filed, a defendant need not serve an answer until a ruling or other order by the Court is issued. See Fed. R. Civ. P. 12(a). Since no answer is due and Defendant has chosen to defend through the filing of a motion to dismiss, default is inappropriate. Fed. R. Civ. P. 55(a).

Second, even had Defendant "failed to plead or otherwise defend," default would be unavailable given the fact that, as previously set forth by defendants, Plaintiff's claims are without merit. Indeed, no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. See Fed. R. Civ. P. 55(e).

Rule 55(e) places a burden on Plaintiff to establish his right to relief from the United States. The rationale behind Rule 55(e) is to protect against "claims that are unfounded but would be granted solely because the government failed to make a timely response." *Marziliano v. Heckler*, 728 F.2d 151, 157-58 (2d Cir. 1984). The court can rely on the "quantum and quality [of evidence] it would normally receive" in determining whether a default judgment should be entered against the government or whether there is no basis for the plaintiff's claim. *Id.* at *158*.

Here, Plaintiff's one-paragraph motion for default judgment presents no evidence that he is entitled to a judgment against Defendant. Without more, Plaintiff fails to carry the heavy burden of demonstrating default judgment. Accordingly, the Court should deny Plaintiff's Motion.

### III. Conclusion.

For the foregoing reasons, the Court should deny Plaintiff's Motion for Default Judgment.

Dated: September 24, 2007.            Respectfully Submitted,

　　/s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　　/s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

　　/s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT E. LEE, | ) | |
|     Plaintiff, | ) | Civil No. 07-cv-01088 (HHK) |
| | ) | |
| v. | ) | Next Court Date: N/A |
| | ) | |
| ROBERT GATES, SECRETARY, | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| DEFENSE INFORMATION | ) | |
|  SYSTEMS AGENCY, | ) | |
|     Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ORDER

Upon consideration of Plaintiff's Motion for Default Judgment, Defendant's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion for Default Judgment be and is hereby DENIED.

SO ORDERED.


_____
U.S. District Judge

## CERTIFICATE OF SERVICE

      I hereby certify that I served the foregoing Defendant's Opposition to Plaintiff's Motion for Default Judgment by first-class mail, postage prepaid, on September 24, 2007, to:

Robert E. Lee  
729 Namsan Daelim Apt. 101-501  
Itaewon 2 Dong, Yongsan Gu  
Seoul 140-202  
Republic of Korea

                                                                   _____  
                                                                   Timothy Rice